UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dexter B. Lawrence, | ) | C/A No. 5:12-cv-03054-TMC-KDW |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden Kirkland Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner Dexter B. Lawrence ("Petitioner" or "Lawrence") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 26, 27. On March 8, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. On April 10, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be granted.

I. Background

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In January 2008, Petitioner was indicted by a Williamsburg County Grand Jury for assault and battery with intent to kill, carjacking,

armed robbery, possession of a weapon during a violent crime and criminal conspiracy. App. 70-72.[1] On February 5, 2008, Petitioner entered a guilty plea to carjacking and armed robbery before the Honorable Howard P. King.[2] App. 1- 22. Attorney Verdell Barr represented Petitioner, and Solicitor Kimberly Veronica Barr appeared on behalf of the State. App. 1. Petitioner was sentenced to a 22-year concurrent sentence on the armed robbery and carjacking charges. App. 22. Petitioner did not file a direct appeal. ECF No. 1 at 2.

II. Procedural History

On December 22, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 24-30. In his application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective Assistance of Counsel
(b) Subject matter jurisdiction, court lacks
(c) Due process violation/newly discovered evidence.

App. 27. In response, the State filed its Return on June 25, 2009, and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. App. 40-45. Petitioner filed an Amended PCR Application on July 13, 2009. App. 34-39. On October 26, 2010, an evidentiary hearing was conducted in Williamsburg County before the Honorable W. Jeffrey Young. App. 46. At the hearing Petitioner was represented by Charles T. Brooks, Esq., while the State was represented by Assistant Attorney General Mary S. Williams. *Id.* Petitioner and his former defense attorney, Verdell Barr, testified. App. 48-62. On January 25, 2011, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 27-1 in this habeas matter.

[2] The State dismissed the remaining counts of the indictment. App. 3.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80.

## Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.l (e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674,692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203(1985).

*Failure to Advise of Community Supervision*

Applicant states that he was not told about the community supervision program (CSP). Applicant asserts that had he known about CSP, he would not have pled guilty. Participation in the CSP is a collateral consequence of which a defendant need not be informed. Jackson v. State, 349 S.C. 62, 562 S.E.2d 475 (2002). Therefore, I find no deficiency by Counsel in this regard.

*Meetings and Investigation*

Applicant testified at PCR hearing that he first saw his attorney right before court and that he had only met his attorney once. Applicant testified that he did not see discovery materials until after his plea and that he did not feel there was evidence against him.

Counsel reviewed the facts of the case. (See Tr. p. 12, line 23 - p. 16, line 23.) Counsel stated that Applicant's co-defendant, Keyanna Davis ("Davis"), had already pled guilty at the time of Applicant's plea. Applicant had told Counsel that Davis would be an alibi witness, but she had cooperated with law enforcement and admitted that the crime was planned. Counsel recalled that Davis was going to testify against Applicant at trial. Counsel added that the victim was also going to testify. As he did at the plea, the victim could identify Applicant as the assailant who shot him and hit him in the head with a pistol. Counsel stated that he did not hire an investigator but did speak with the sheriff's department investigator. Counsel averred that he reviewed with Applicant the range of sentences, what his options were, and the evidence against him. Counsel stated that Applicant requested that he pursue a plea and get as much leniency as possible.

I find Counsel's testimony to be credible. Therefore, I find that Counsel reviewed evidence with Applicant and adequately investigated under the particular circumstances of this case. Moreover, Applicant has failed to carry his burden of proof with regard to prejudice. Applicant has failed to produce any credible evidence that would have affected his decision to plead guilty and has failed to show how additional consultation with his attorney would have affected his decision. See for example Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result). For these reasons, I find that counsel was not ineffective with regard to his investigation.

**Other Allegations**

No other allegations were raised at the PCR hearing. Therefore, any additional allegations are deemed waived because no evidence was presented.

**CONCLUSION**

> Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant the application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 66-69. Petitioner, represented by Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense, timely filed a Petition for Writ of Certiorari. ECF No. 27-3. The sole issue that was presented and argued was "Did plea counsel render ineffective assistance of counsel when he did not advise Petitioner that a plea of guilty to armed robbery and carjacking would subject him to mandatory community supervision." *Id.* at 3. Respondent filed a Return to the Petition on August 2, 2011. ECF No. 27-4. On July 30, 2012, the South Carolina Court of Appeals denied certiorari. ECF No. 27-5. The Remittitur was issued on August 17, 2012. ECF No. 27-6. Petitioner's habeas petition was filed on October 19, 2012.[3] ECF No. 1.

### III. Discussion

#### A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: The judge nor plea counsel advised me about community supervision program.
>
> GROUND TWO: Applicant was denied effective assistance of trial counsel by counsel's failure to object to the solicitor and grand jury foreman's use of perjury and subornation of perjury in his indictment proceedings.

---

[3] *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Although the Petition was docketed as filed on October 23, 2012, the envelope for the Petition reflects it was deposited in the SCDC mailing system on October 19, 2012. ECF No. 1-2.

GROUND THREE: The Applicant was denied effective assistance of trial counsel by failure to a "sham legal processed" indictment that contained false and misleading information by the Solicitor and Grand Jury foreman.

GROUND FOUR: The applicant was rendered constructive ineffective assistance of counsel by a denial of a preliminary hearing upon his request.

ECF No. 1 at 5-19.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

*Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.    Analysis

    A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because Petitioner's claims are barred by the statute of limitations. ECF No. 27 at 10. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began

running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas Petition was not timely filed. As Petitioner did not seek appellate review of his guilty plea or sentence imposed on February 5, 2008, his conviction became final on February 15, 2008, ten days after his sentence was imposed. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Petitioner's filing of his PCR application on December 22, 2008, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 311 days had elapsed when Petitioner filed his PCR application, leaving 54 days within which Petitioner could timely file a federal habeas petition. The statute of limitations period remained tolled until the South Carolina Court of Appeals issued the Remittitur on Petitioner's PCR appeal on August 17, 2012. At this time the one-year limitations period recommenced and 63 days elapsed before Petitioner filed this habeas action on October 19, 2012. *See* ECF No. 1-2. Because Petitioner only had 54 days left to timely file a habeas petition, the October 19, 2012 filing is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2)

beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his Response to Respondent's summary judgment motion, Petitioner contends that Respondent's statute of limitation arguments "should be eradicated" because Petitioner was "denied legal access to his property, per Sled and S.C.D.C. Headquarters" when he was placed

9

under investigation on April 13, 2012, and was not able to "get the necessary litigation that he needed to meet the one-year statute of limitations." ECF No. 31 at 1. Petitioner contends that he is unable to present documentation to support this claim due to the "confidentiality of the situation." *Id.* Petitioner also argues that he is entitled to equitable tolling of the statute of limitations because of "the difficulties the petitioner had to go through to obtain his legal material," and because Petitioner was "misled by his counsel" who provided him two different forms to use and Petitioner thought he had one year after the state court's final decision was made to file his habeas petition. *Id.* at 2.

The undersigned finds that Petitioner has not demonstrated any exceptional or extraordinary circumstances that prevented him from timely filing his Petition. First, Petitioner has not offered any evidence to support his contention that he was denied access to his legal materials which prevented him from timely filing his habeas Petition. Second, the undersigned finds that Petitioner's lack of knowledge concerning the AEDPA's one-year statute of limitations does not satisfy his burden of demonstrating entitlement to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations did not justify equitable tolling because they were not extraordinary circumstances beyond his control).[4]

V.  Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be GRANTED and the Petition be DENIED.

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

IT IS SO RECOMMENDED.

October 10, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached  
"Notice of Right to File Objections to Report and Recommendation."**