IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dexter B. Lawrence, | ) | |
| | ) | C/A No. 5:12-3054-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of Kirkland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On October 10, 2013, the magistrate judge filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 26) be granted and the petition be denied. (ECF No. 37). The magistrate judge advised the parties of their right to file objections. *Id.* at 12. Petitioner filed objections to the Report on October 25, 2013. (ECF No. 39).

      The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

## Discussion

      The magistrate judge found that Petitioner's habeas petition was barred by the statute of limitations and equitable tolling was not appropriate. In his objections, Petitioner acknowledges his petition may have been untimely. (Objections at 1). However, Petitioner contends that the

magistrate judge erred in finding that Petitioner did not demonstrate exceptional or extraordinary circumstances which prevented him from timely filing this habeas petition. (Objections at 2). In other words, Petitioner contends he is entitled to the application of equitable tolling.

Petitioner contends that he was deprived of all his legal documents and case files when the South Carolina Law Enforcement Division ("SLED") conducted a confidential investigation of him beginning April 13, 2012. *Id.* Without his legal documents, Petitioner argues that he could not fill out the habeas forms. *Id*. Further, Petitioner states that he cannot present evidence of SLED's investigation because the investigation was confidential. *Id*. Additionally, he contends that counsel provided him with the wrong habeas forms to file. *Id.*

The magistrate judge analyzed the petition to determine if it was subject to equitable tolling under *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *Holland v. Florida*, 560 U.S. 631 (2010); and *United States v. Sosa* 364 F.3d 507 (4th Cir. 2004), and found that application of equitable tolling of the statute of limitations is not merited in this case. The court agrees.

A defendant seeking the application of equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Such defendant "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (internal citation and quotation marks omitted). Generally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F.Supp.2d 724, 727-28 (E.D.Va. 2009) (internal citation and quotation marks omitted).

Petitioner contends that due to SLED's investigation he was deprived of his legal documents and unable to properly and timely complete a habeas petition. However, "there is no

2

requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only set forth in summary form the facts supporting each of the grounds specified in the petition." *Smith v. Virginia*, C/A No. 3:12-CV-148, 2013 WL 871519, \*5 (E.D.Va. 2013)(internal citations omitted). Petitioner fails to demonstrate that his lack of access to his legal documents prevented him from setting forth in summary form the facts that support his claims. *Id*.

Further, any incorrect advice given to Petitioner by counsel would also not warrant the application of equitable tolling. *See Holland,* 560 U.S. 631 (reaffirming the holding that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline does not warrant equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (holding mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control warranting equitable tolling). *See also Ehrhardt v. Cartledge,* 2009 WL 2366095 (D.S.C. 2009)(holding reliance on incorrect advice of PCR appellate counsel regarding deadline for filing does not entitled petitioner to equitable tolling).[1]

This is not one of those "rare instances when, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period." *Rouse*, 339 F.3d at 246. *See also Jones v. South Carolina*, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at \*3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in

---

[1]The court notes that in his Response to Respondent's Summary Judgment Motion, Petitioner also argues that he thought he had one year after the state court's final decision was made to file his habeas petition. (ECF No. 31 at 2). Petitioner did not raise this argument in his objections. However, even if he had, the court finds Petitioner's erroneous belief as to the statute of limitations also does not entitle him to equitable tolling.

3

some instances) petitioner illness."). Here, because Petitioner has failed to prove that he pursued his rights diligently or demonstrate that extraordinary circumstances prevented him from raising any of these claims, equitable tolling is not appropriate.

## Conclusion

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts the Report. Accordingly, Respondent's Summary Judgment Motion (ECF No. 26) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 15, 2013

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.